IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRENCE HIGGINS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-3892-DWD |
| | ) |
| **JOHN GREGORY HOUSEMAN,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Terrence Higgins filed a *pro se* Complaint naming John Gregory Houseman. Plaintiff claims that federal subject matter jurisdiction is present because, at some point in the last six years, some sort of dispute involving $92,000.00 arose between Plaintiff, who is a citizen of Illinois, and Defendant, who is a citizen of Missouri. Plaintiff has also filed a motion for leave to proceed *in forma pauperis* ("IFP") and a motion for service of process at government expense. Because Plaintiff seeks IFP status, his complaint is subject to review under 28 U.S.C. § 1915(a)(1).

### I.   Legal Standard

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff has done so in this case. But the Court's inquiry does not end there, because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the Complaint filed by an IFP plaintiff (those filed by prisoners and non-prisoners alike).

A court can deny a qualified plaintiff leave to file IFP or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a motion to proceed IFP, a district court should inquire into the merits of the plaintiff's claims, and if the court finds that the case lacks merit under the criteria listed in § 1915(e)(2)(B), it should deny leave to proceed IFP. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

## II.  Complaint

In his complaint, Plaintiff makes the following allegations:

> I Terrence Higgins signed a legal document for John Houseman to collect $92,000 + 9% interest per annum. And I have not received anything or heard from him over 6 [years] into regards of my awarded judgment.
>
> I Terrence Higgins have been struggling to make ends meet due to John Houseman not communicating with me or receiving collection of my Judgment of $92,000.00.

(Doc. 3, pp. 5-6).

## III.  Discussion

Here, Plaintiff has sufficiently established his indigence. His monthly income (disability payments) is $862, and his monthly expenses for utilities, housing, and child support are approximately $630 (Doc. 4, pp. 2-3). He has approximately $0 in his checking

2

or savings account. Based upon this information, the Court finds that Plaintiff is unable to pay the costs of commencing his lawsuit. However, the Court's inquiry does not end there; as noted above, § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP.

To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted). If the complaint fails to allege

3

sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

Plaintiff's complaint cannot survive screening because his allegations are insufficient to state a claim under federal law against Defendant. As stated above, a complaint satisfies Federal Rule of Civil Procedure 8(a) when it provides a "short and plain statement of the claim showing that the pleader is entitled to relief" and provides a defendant with "fair notice" of the claim. *See Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff indicates in his complaint that he wishes to proceed against Defendant because he "signed a legal document" that somehow obligated Defendant to collect a sum of $92,000.00 plus interest. It appears that the "legal document" may have been signed as long as six years ago, and that it could possibly be connected to a judgment in Plaintiff's favor. These allegations merely reveal that Defendant allegedly unlawfully harmed Plaintiff. But that is not enough to state a claim. Plaintiff needs to provide additional information to provide Defendant with fair notice. Based on the information alleged, it is unclear whether Defendant allegedly breached a contract wherein Defendant agreed to pay Plaintiff $92,000.00 plus interest, Defendant was somehow responsible for collecting $92,000.00 plus interest that another individual or entity owed to Plaintiff in connection with a legal judgment, or a third scenario not contemplated by the Court. There is simply not enough information for the Court to discern whether Plaintiff has stated a claim under state law (or which state's law would be applicable) or for Defendant

to respond to the Complaint. Accordingly, the Complaint must be dismissed without prejudice for failure to state a claim.

The Court, however, will permit Plaintiff an opportunity to cure the defects in his Complaint. *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) ("when a plaintiff – especially a pro se plaintiff – fails to state a claim in his first complaint, he should ordinarily be given a chance to amend"). If Plaintiff wishes to continue with this case, he must file an amended complaint by **May 20, 2024,** curing the Complaint's deficiencies.

Plaintiff should draft his proposed amended complaint as if he is telling a short story to someone who knows nothing about his situation. This means he should explain: (1) what happened to make him believe he has a legal claim (including the content of legal document he signed, additional detail about his "awarded judgment," and the relationship (if any) between the "legal document" and his "awarded judgment"); (2) when it happened; (3) who did it; (4) why; and (5) how the Court can assist him in relation to the events he describes. Plaintiff's allegations should be set forth in short and plain statements. Plaintiff is warned that failure to abide by this deadline will result in dismissal of the complaint. At this point, plaintiff's motion to proceed in forma pauperis (Doc. 4) is **DENIED**; the court will reconsider this decision *sua sponte* should Plaintiff file a meritorious amended complaint.

### IV.   Conclusion

For the aforementioned reasons, Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* is **DENIED** and the complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. Plaintiff's Motion for Service of

5

Process at Government Expense is **DENIED** as **MOOT**. If Plaintiff wishes to proceed with this case, he must file a First Amended Complaint on or before May 20, 2024. If Plaintiff fails to abide by this deadline, the complaint will be dismissed and the case will be closed.

    **SO ORDERED.**

    Dated: April 18, 2024

s/*David W. Dugan*
DAVID W. DUGAN
United States District Judge
