IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRENCE HIGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-3892-DWD |
| | ) |
| JOHN GREGORY HOUSEMAN, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Terrence Higgins filed a *pro se* Complaint naming John Gregory Houseman. The Court dismissed the original Complaint for failure to state a claim upon which relief can be granted. The Court allowed Plaintiff an opportunity to amend, stating that it would *sua sponte* reconsider Plaintiff's Motion for Leave to Proceed *in forma pauperis* upon the filing of an amended complaint. Now before the Court is Plaintiff's First Amended Complaint (Doc. 11). For the following reasons, the Court finds that the Complaint survives review under 28 U.S.C. § 1915 and **GRANTS** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 4)**.**

I.    **Legal Standard**

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." But the Court's inquiry does not end there, because 28 U.S.C.

§ 1915(e)(2) requires careful threshold scrutiny of the Complaint filed by an IFP plaintiff (those filed by prisoners and non-prisoners alike).

A court can deny a qualified plaintiff leave to file IFP or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a motion to proceed IFP, a district court should inquire into the merits of the plaintiff's claims, and if the court finds that the case lacks merit under the criteria listed in § 1915(e)(2)(B), it should deny leave to proceed IFP. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

## II.  Discussion

Plaintiff alleges that, on January 16, 2019, he entered into a written contract with John Houseman to collect on a judgment Plaintiff was awarded in the amount of $92,000, in addition to interest of 9% per year.[1] According to the Amended Complaint, Mr. Houseman breached that contract and is no longer communicating with Plaintiff. Plaintiff

---

[1] Plaintiff did not attach a copy of the alleged contract to the complaint. This, however, does not defeat his claim. The Federal Rules of Civil Procedure do not require a plaintiff to attach a copy of the contract to the complaint. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Rather, a plaintiff is merely required to plead facts sufficient to state a plausible breach-of-contract claim. *See, e.g.*, *Hedeen Int'l, LLC v. OzWest, Inc.*, No. 14-C-304, 2014 WL 5682507, at *1 (E.D. Wis. Nov. 4, 2014) (holding that alleging "both that a contract existed and that the Defendants violated that contract by not paying royalties [was] ... enough to at least survive a motion to dismiss based on Fed. R. Civ. P. 8.").

2

seeks compensatory damages in the amount of $92,000.00 and punitive damages in the amount of $92,000.00.

The Court finds that the Amended Complaint sufficiently alleges a state law claim for breach of contract. The Court further finds that federal subject matter jurisdiction is present because Plaintiff and defendant are citizens of different states (Illinois and Missouri) and because Plaintiff seeks damages in excess of $75,000. *See* 28 U.S.C. § 1332.

The Court further finds that Plaintiff has sufficiently established his indigence. His monthly income (disability payments) is $862, and his monthly expenses for utilities, housing, and child support are approximately $630 (Doc. 4, pp. 2-3). He has approximately $0 in his checking or savings account. Based upon this information, the Court finds that Plaintiff is unable to pay the costs of commencing his lawsuit.

Because Plaintiff has established his indigence and because his Amended Complaint survives review under 28 U.S.C. § 1915, his Motion to Proceed *in forma pauperis* is **GRANTED**. Pursuant to Fed. R. Civ. P. 4(c)(3), The Clerk of Court is **DIRECTED** to prepare and issue, for Defendant John Gregory Houseman, Form AO 440, Summons in a Civil Action, to Plaintiff and enclose a blank USM-285 form for Defendant Houseman. If Plaintiff wishes the United States Marshals Service to serve process in this case, he shall provide to the United States Marshals Service the summons issued, the appropriately completed USM-285 forms and sufficient copies of the complaint for service.

Upon receipt of the aforementioned documents from Plaintiff, and pursuant to Federal Rule of Civil Procedure 4(c)(3), the United States Marshal Service is **DIRECTED** to serve a copy of the Summons, Complaint, and this Order upon Defendant in any

manner consistent with Federal Rule of Civil Procedure 4, as directed by Plaintiff. Costs of service shall be borne by the United States.

**SO ORDERED.**

Dated: June 28, 2024

s/*David W. Dugan*
DAVID W. DUGAN
United States District Judge
