IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRENCE HIGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 23-cv-3892-RJD |
| vs. | ) |
| | ) |
| JOHN GREGORY HOUSEMAN, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**[1]

This matter comes before the Court on Plaintiff's Motion for Reconsideration of Clerk's Judgment (Doc. 28). For the reasons explained below, the motion is **DENIED**, and this case remains dismissed with prejudice.

**Background**

On November 13, 2024, the Court entered an order dismissing this case with prejudice pursuant to the parties' Stipulation of Dismissal. (Docs. 25 & 26). Judgment was entered that same day. (Doc. 27). On May 23, 2025, Plaintiff Terrence Higgins moved for reconsideration of the judgment dismissing this case with prejudice. (Doc. 28). Plaintiff argues this case should be "reexamined" because Defendant initiated a civil action in the Missouri state courts against Plaintiff for breach of contract. Plaintiff appears to argue that the claim against him in the state proceeding was released pursuant to the settlement agreement that the parties reached in this case.

---

[1] This case has been assigned to the undersigned for final disposition upon the parties' full consent pursuant to 28 U.S.C. § 636(c). (Doc. 20)

He claims that the state proceeding should be removed to this district court. He further accuses his former attorney, who hasn't entered his appearance in this case, of misconduct. Defendant did not respond to the motion.

## Discussion

Plaintiff does not identify the legal basis under which he seeks to vacate the dismissal and judgment in this case. Under Rule 59(e), a court can amend or alter a judgment in "exceptional cases" only if there is a manifest error of law or fact or if it presents newly discovered evidence that was not previously available. *Willis v. Dart*, 671 Fed. App'x 376, 377 (7th Cir. 2016) (quoting *Gonzalez–Koeneke v. W.*, 791 F.3d 801, 807 (7th Cir. 2015); *Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011)). A challenge under Rule 59(e) motion must be filed within 28 days of the order being challenged.

Federal Rule of Civil Procedure 60(b), on the other hand, allows for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect by the movant; fraud or misconduct by the opposing party; a void or discharged judgment; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(e) motion." *Bryant v. Wills*, No. 24-CV-02479-SMY, 2025 WL 3554300, at *2 (S.D. Ill. Dec. 11, 2025) (citing *Willis*, 671 Fed. App'x at 377). Relief under Rule 60(b) is an "extraordinary remedy" that should be granted only in "exceptional circumstances." *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009), *cert. denied*, 558 U.S. 1147 (2010).

Here, Plaintiff cannot seek relief under Rule 59(e) because his motion for reconsideration was filed more than 28 days after the entry of judgment. (Docs. 27 & 28). The Court also finds that Plaintiff has not set forth any facts that would justify relief under Rule 60(b). At most, Plaintiff attempts to articulate some fraud or misrepresentation by Defendant regarding the terms of the

settlement agreement, which, however, does not justify setting aside the judgment entered under Rule 60(b). To prevail on such ground, Plaintiff "needed, credibly, to identify misconduct, such as forgery, perjury, bribery of a judge, or other undue influence on him." *Browne v. Ciobanu*, No. 25-1441, 2025 WL 3496211, at *2 (7th Cir. Dec. 5, 2025); *see also Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1080 (7th Cir. 2016) ("Fraud on the court occurs only in the most extraordinary and egregious circumstances and relates to conduct that might be thought to corrupt the judicial process itself, such as where a party bribes a judge or inserts bogus documents into the record."). Plaintiff has not made such a showing in this case.

To the extent Plaintiff argues that this case should be reopened to allow enforcement of the settlement agreement, this argument also fails. Enforcement of a settlement agreement falls beyond the scope of the ancillary jurisdiction of the federal courts, even if the district court had jurisdiction to hear the underlying case. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994). Enforcement of the settlement agreement is for state courts unless there is some independent basis for federal jurisdiction. *Id.* A district court may retain jurisdiction to enforce a settlement if the settlement agreement is incorporated into a consent decree or another judicial order. *See Lynch, Inc. v. Samatamason, Inc.*, 279 F.3d 487, 489 (7th Cir. 2002). Here, however, Plaintiff has not raised an independent basis of the Court's federal jurisdiction, and the Court did not issue a consent decree or another order incorporating the terms of the parties' settlement agreement or expressly retaining jurisdiction over its enforcement.

Likewise, Plaintiff's suggestion that the state action against him should be removed to and adjudicated in this district court lacks merit. Plaintiff has not set forth any grounds under which removal would be proper. In any case, the removal of the state action to federal courts would not result in the opening of a separate case and would not justify reopening of this one.

Because Plaintiff has not provided any grounds that would allow the Court to reopen and "reexamine" this case, Plaintiff's Motion for Reconsideration of Clerk's Judgment (Doc. 28) is **DENIED,** and this case remains dismissed with prejudice.

## Conclusion

For the reasons set forth above, Plaintiff's Motion for Reconsideration of Clerk's Judgment (Doc. 28) is **DENIED**, and this case remains dismissed with prejudice.

**IT IS SO ORDERED.**

**DATED: January 27, 2026**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**